### BILEK et v. BROZ.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Payer, Minshall, Karch & Kerr, Cleveland, for Bilek.

George Palda, Cleveland, for Broz .

**703. LANDLORD AND TENANT—708. Leases—447. Ejectment.**

Where specific performance decree for tenant ripens into lease, tenant not entitled to possession of property without first tendering rental and bond as provided in original contract.

**VICKERY, J.**

Where owner repudiated contract to lease property and construct building thereon for tenant, notwithstanding that decree for tenant in his suit for specific performance ripened into a lease as between the parties, tenant was not entitled, in his action in ejectment, to possession of the property without first tendering rental and bond as provided in the original contract.

(Sullivan, PJ., and Levine, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

### GASKINS v. STATE.

Ohio Appeals, 1st Dist., Hamilton Co.

Nichols, Speidel & Nichols, Batavia, and Nichols, Morrill, Stewart & Ginter, Cincinnati, for Gaskins.

Chas. P. Taft, 2nd Pros. Atty., and Walter K. Sibbald, Cincinnati, for State.

**620. IMPEACHMENT—1273. Witnesses.**

Witness sought to be impeached must be questioned as to details of contradiction. Impeaching witness may not testify except as to facts relied on to effect impeachment.

**429. DYING DECLARATIONS—4. Abortion**

Dying declaration as to abortion held admissible.

**337. CROSS EXAMINATION.**

Cross examination of impeaching witness which went beyond matter testified to, for purpose of impeachment, held not error.

**CUSHING, J.**

Witness sought to be impeached must be questioned as to time, place, and persons, involved in supposed contradiction and whether such statement was made, and, when impeaching witness is called, party calling him cannot inquire as to any other facts except those relied on to effect impeachment.

In prosecution for abortion resulting in death, admission in evidence as dying declaration of testimony that deceased had twice declared that she was going to die, that she did not wish to deceive witness, and that doctor whom she named had opened her womb, was not error.

In prosecution for abortion resulting in death, cross examination of impeaching witness which went beyond matter testified to for purpose of impeachment and tended to connect accused with offense was not error.

(Hamilton, PJ., concurs. Buchwalter, J., not participating.)

For reference to full opinion, see Omnibus Index, last page, this issue.